# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Daryoush Hooshyar and Farzaneh Hassani, M.D.,**
**Plaintiffs Below, Petitioners**

**vs) No. 12-0822** (Monongalia County 10-C-653)

**Carole Sovastion and Jennifer D. Sovastion,**
**Defendants Below, Respondents**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners, by counsel William Holmes, appeal the Circuit Court of Monongalia County's order entered June 7, 2012, which granted summary judgment to respondents. Respondents, by counsel Charles Steele, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2008, respondents desired to install underground electrical service lines to supply power to a trailer located on their property. According to Respondent Jennifer Sovastion's affidavit, in anticipation of the utility project, she contacted "Miss Utility" on two occasions to inspect the property before excavating. A representative inspected the property and gave the "go ahead" to begin installing the electrical lines. Respondents hired Frank Casino, an independent contractor, to perform the excavation work. During the excavation process, Mr. Casino severed a water line. Respondent Jennifer Sovastion immediately shutoff the water that supplied the severed water line.

On September 27, 2010, petitioners filed a complaint for damages related to the severed water line that supplied water to a residence they owned. Petitioners allege that respondents caused damage to their residence and intentionally, maliciously, wantonly, unlawfully, and without regard to petitioners' rights, denied them access to fix the severed water line. Respondents answered and counter-claimed that petitioners have maintained a water line on their property without a valid easement, right-of-way, or other right of title or possession. Respondents allege petitioners should be responsible for the costs associated with relocating the water line and any remediation expenses to respondents. Respondents filed a motion for summary judgment, which the circuit court granted by order entered on June 7, 2012, concluding that there was no set of facts that could support a finding that respondents were negligent.

1

On appeal, petitioners argue that the circuit court erred as a matter of law in granting respondents' motion for summary judgment because respondents admitted they are bound by a duty to use reasonable care so as not to cause damage. Additionally, petitioners submit that Respondent Jennifer Sovastion had actual knowledge of the water line and its location; that during negotiations for petitioners to buy certain property from respondents, Respondent Jennifer Sovastion acknowledged that her grandmother informed her of the water meter and water line on the property; and that respondents refused to allow petitioners on the property to make necessary repairs to the severed water line. In support of their argument, respondents argue that they were never made aware of the water line; the water line was not located on any map, deed, plat, easement, or recorded right-of-way, which would have given them actual and/or recorded notice; they contacted "Miss Utility," who approved the excavation; and they hired an independent contractor to perform the excavation.

This Court agrees with the decision of the circuit court. This Court reviews the circuit court's entry of summary judgment under a de novo standard of review. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party . . . ." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). "[S]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Williams*, 194 W.Va. at 61 n. 14, 459 S.E.2d at 338 n. 14. The only evidence to suggest respondents were aware of the water line located below grade of their property and that it serviced property owned by petitioners is Petitioner Hooshyar's self-serving affidavit. Petitioners have failed to provide any supporting evidence to corroborate their self-serving statements. Therefore, after careful consideration, this Court concludes that the circuit court's order granting respondents' summary judgment is affirmed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2